

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
1:08MC25

| | |
|---|---|
| IN RE: )<br>ORDER REQUIRING DISCLOSURE )<br>OF ATTORNEY TIME AND EXPENSES)<br>BY FEDERAL DEFENDERS OF )<br>WESTERN NORTH CAROLINA, INC. )<br>_____ )<br>) | **STANDING CRIMINAL**<br>**O R D E R** |

**THIS MATTER** is before the Court for entry of a Standing Criminal Order relating to all criminal cases filed in the United States District Court for the Western District of North Carolina.

The Criminal Justice Act ("CJA") of 1964, 18 U.S.C. §§ 3006A, *et seq.*, entitles indigent defendants who have been charged with federal offenses a right to appointed counsel. Appointed counsel may incur and be compensated for additional expenses over and above time expended. **18 U.S.C. § 3006A(d)(5) and (e).** Public disclosure of claims filed by panel attorneys, subject to appropriate limitations, is required. **18 U.S.C. § 3006A(d)(4).** Claims presented by panel attorneys must be "supported by a sworn written statement specifying the time expended, services rendered, and expenses incurred[.]" **18 U.S.C. § 3006A(d)(5).** The claims "shall be made to the district court . . . before which the attorney provided representation to the person involved." *Id.* The Court shall fix the

compensation and reimbursement to be paid to the attorney[.]" *Id*. The hourly rate is set by statute. **18 U.S.C. § 3006A(d)(1).**

The foregoing procedures were routinely followed by the courts in this District until the formation of the Federal Defenders of WNC, Inc., pursuant to the provisions of § 3006A(g). After the establishment of the Federal Defenders, the need for panel attorneys continued. These attorneys are appointed under the Act, file attorney vouchers documenting their fees and expenses, and such vouchers are submitted to and approved by the Judges of this Court. The costs of these panel attorneys are memorialized in the criminal judgments of indigent defendants who are ordered to reimburse the Government for the services of their court-appointed attorneys.

Despite the continued practice by this Court to require indigent defendants to reimburse the Government for the cost of their court-appointed attorneys, no cost information has been provided by a Federal Defender in any case. It appears, therefore, that the Court's order requiring payment of attorney fees is being and has been disregarded by Federal Defenders due to the fact that they have failed to provide voluntarily any information whatsoever as to fees and expenses involving

any defendant represented before the undersigned. In fact, at the recent Judges' meeting held June 19, 2008, the Executive Director of the Federal Defenders of WNC, Inc., admitted the order was being ignored. This total disregard of the Court's orders results in an unfair disparity between defendants represented by panel attorneys and those represented by a Federal Defender. Defendants represented by panel attorneys, whose vouchers are filed in the record, are required to make reimbursement to the Government for their appointed counsel. Defendants represented by a Federal Defender, who have heretofore been exempted from filing attorney vouchers or other public notice of their individual attorney costs, pay nothing. Such disparity is intolerable, as is the complete disregard of the provisions of prior Court judgments.

Requiring disclosure of time and expenses from each Federal Defender would also assist the Court in deciding whether or not the stated attorney fee is reasonable and, therefore, to be assessed for repayment either in whole or in part by the defendant. This disclosure is also in keeping with the long determined right of the Government to recover costs and attorney fees from indigent defendants who later become solvent. **See, e.g., *Fuller v. Oregon*, 417 U.S. 40 (1974).**

**IT IS, THEREFORE, ORDERED** that from and after the date of entry of this Order, each Federal Defender providing representation to an indigent defendant appearing before any of the undersigned judicial officers **SHALL** provide to the Court a worksheet on which the Court may base its order for required reimbursement by the defendant. The worksheet, a form CJA-20, shall be maintained and completed in the same detail as that required of panel attorneys. The hourly rate for a Federal Defender shall be computed at the same statutory rate as that applying to a panel attorney. A copy of the worksheet shall be provided to the Clerk to be included in the record and made part of the judgment regarding the reimbursement of attorney fees as ordered by the Court.

A copy of this Order shall be provided to the Executive Director of the Federal Defenders of WNC, Inc., to each member of the Board of Directors of that organization, and to each office of the Clerk of Court for the Western District of North Carolina.

The directives herein are effective upon entry of this Order.

**SO ORDERED**, this the 23rd day of July, 2008.

_____
Robert J. Conrad, Jr., Chief
U. S. District Court Judge

_____
Richard L. Voorhees
U. S. District Court Judge

_____
Lacy H. Thornburg
U. S. District Court Judge

_____
Frank D. Whitney
U. S. District Court Judge

_____
Martin Reidinger
U.S. District Court Judge